JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-481 JGB (SHKx) | Date | May 1, 2020 |
|---|---|---|---|
| Title | *Graciela Carrillo, et al. v. FCA US LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order (1) GRANTING Plaintiffs' Motion for Remand (Dkt. No. 11); and (2) VACATING the May 4, 2020 Hearing (IN CHAMBERS)

     Before the Court is Motion for Remand filed by Plaintiffs Graciela Carrillo and Teresa Carrillo. ("Motion," Dkt. No. 11.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion. The Court VACATES the hearing set for May 4, 2020.

## I.    BACKGROUND

     On February 5, 2020, Plaintiffs filed their Complaint in the Superior Court of the State of California for the County of Riverside against Defendants Moss Bros. CJD Inc. ("Moss"), FCA US LLC ("FCA"), and Does 1–10. ("Complaint," Dkt. No. 1-4.) The Complaint alleges four causes of action: (1) Violation of Song-Beverly Act – Breach of Express Warranty, (2) Violation of Song-Beverly Act – Breach of Implied Warranty, (3) Violation of Song-Beverly Act Section 1793.2, and (4) Negligent Repair. (Complaint.)

     On March 9, 2020, Defendant FCA removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on April 3, 2020. (Motion.) Defendant opposed the Motion on April 13, 2020. ("Opposition," Dkt. No. 13.) Plaintiff replied in support of the Motion on April 17, 2020. ("Reply," Dkt. No. 14.)

//
//
//

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Defendant FCA removed this action on the basis of diversity jurisdiction. (Notice of Removal at 1.) While Plaintiffs appear to concede that the amount in controversy exceeds $75,000, they argue that the case ought to be remanded because there is not complete diversity between the parties: like Plaintiffs, Defendant Moss is a citizen of California. (Motion at 3–8.)

Defendant FCA argues that Defendant Moss's joinder was a fraudulent—done solely for the purpose of defeating diversity jurisdiction—and therefore should not be considered in determining diversity jurisdiction. (Opposition at 5–6.); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."). Defendant FCA can establish fraudulent joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009). Because there is a "general presumption against [finding] fraudulent joinder," Defendant FCA must bear a "heavy burden" to demonstrate that there is diversity jurisdiction despite the joinder of Defendant Moss. See id.

Defendant has failed to meet that heavy burden. First, while Defendant FCA suggests that there may have been fraud in the pleading of the jurisdictional facts, it fails to identify which facts were fraudulently pled or to proffer evidence showing actual fraud. (See Opposition at 5–6.)

Second, Defendant FCA fails to prove that Plaintiffs cannot sustain any cause of action against Defendant Moss. In the Complaint, Plaintiffs bring a single cause of action against Defendant Moss: negligent repair. (Complaint.) To prove that Plaintiffs cannot sustain any cause of action against Defendant Moss, Defendant FCA must do more than show that the negligent repair claim fails under Rule 12(b)(6).[1] Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550 (9th Cir. 2018). Defendant FCA must prove that there is no possibility that (1) the negligent repair claim would survive in the state court or (2) that it could "possibly be cured by granting the plaintiff leave to amend." Id.

Defendant FCA argues that Plaintiffs' negligent repair claim is barred by the economic loss rule. (Opposition at 5–6.) The economic loss rule generally precludes tort claims for purely economic damages. S.M. Wilson & Co. v. Smith Int'l, Inc., 587 F.2d 1363, 1376 (9th Cir. 1978). Defendant FCA insists that the economic loss rule applies because "Plaintiffs have not alleged that Moss Bros Chrysler's negligent repair work caused personal injuries or damaged their property." (Opposition at 5.) However, it is entirely plausible that Plaintiffs could amend their complaint and include allegations regarding damage to their property caused by the negligent repair. See Gorelick v. FCA US LLC, 2019 WL 2123570, at *2 (C.D. Cal. May 15, 2019) (rejecting arguments of fraudulent joinder and holding "although Defendant FCA argues Plaintiffs 'fall short' in stating their claim for negligent repair, nothing precludes Plaintiffs from amending their complaint with additional relevant facts.")

Defendants rely on a case from this district—In re Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation, 2018 WL 5905942 (C.D. Cal. September 10, 2018)—where the court found fraudulent joinder where the economic loss rule barred Plaintiff's claims as alleged. (Opposition at 5–6.) In that case, the court concluded that the plaintiff could not avoid application of the economic loss rule through amendment. Id. Accordingly, it is not applicable here, where amendment to adequality allege a claim is plausible. To the extent that the In re Ford Motor Co. court held that there was fraudulent joinder because the plaintiff could not "point[] to any allegations establishing that the Dealer's allegedly negligent repair of their vehicles injured them or their property" in the operative complaint, this Court disagrees. When determining fraudulent joinder the question is not whether the current allegations state a claim, but whether it would be possible for plaintiff to amended with additional allegations that could state a claim. Gayou v. Ford Motor Co., 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019) ("To the extent that Plaintiff's allegations in the Complaint are lacking . . . the Court sees no reason

---

[1] For this reason, the Court will not address Defendant FCA's argument that the claims against Defendant Moss are not adequately alleged. That argument is irrelevant to the question presented here (i.e., whether Defendant Moss was fraudulently joined.)

why a court would not allow him to attempt to cure any shortcomings in an amended complaint.")

Because Plaintiffs could plausibly allege a negligent repair claim against Defendant Moss, the joinder of Defendant Moss was not fraudulent and therefore there is not complete diversity. The Court declines to dismiss Defendant Moss, a properly joined defendant, to retain subject matter jurisdiction over this case. (See Opposition at 7 (requesting that the Court exercise its discretion under Rule 21 to drop Defendant Moss).) Absent compelling reason to force subject matter jurisdiction, the Court prefers to respect Plaintiffs' choice of forum and choice of defendants.

### IV.   ATTORNEYS' FEES

Plaintiffs seek reasonable expenses incurred as a result of Defendant FCA's improper removal, including $800 in attorneys' fees. (Reply at 6.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendant FCA argues that fees should be denied because "when an objectively reasonable basis exists [to remove], fees should be denied." (Opposition at 8–9 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).) The Court agrees: while the Court ultimately rejected Defendant FCA's arguments regarding fraudulent joinder, they cite some support in the case law, including a case from this district. Accordingly, an award of attorneys' fees is not appropriate.

### V.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS the matter to the California Superior Court for the County of Riverside. Plaintiffs' request for attorneys' fees is DENIED. The May 4, 2020 hearing is VACATED.

**IT IS SO ORDERED.**